**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| BANDSPEED, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 1:14-cv-433 |
| v. | § | |
| | § | |
| BROADCOM CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Bandspeed, Inc. ("Bandspeed"), by and through its attorneys, files its Original Complaint against defendant Broadcom Corporation ("Broadcom" or "Defendant"), and hereby alleges as follows:

### I.      NATURE OF ACTION

1.      This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Bandspeed's patented inventions.

2.      Bandspeed is the owner of all right, title, and interest in and to:  United States Patent No. 7,027,418 ("the '418 Patent"), issued on April 11, 2006 for "Approach for Selecting Communications Channels Based on Performance"; United States Patent No. 7,570,614 ("the '614 patent"), issued on August 4, 2009 for "Approach for Managing Communications Channels Based on Performance"; United States Patent No. 7,477,624 ("the '624 Patent"), issued on January 13, 2009 for "Approach for Managing the Use of Communications Channels Based on Performance"; United States Patent No. 7,903,608 ("the '608 Patent"), issued on March 8, 2011

for "Approach for Managing the Use of Communications Channels Based on Performance"; and United States Patent No. 8,542,643 ("the '643 Patent), issued on September 24, 2013 for "Approach for Managing the Use of Communications Channels Based on Performance" (collectively, the "Patents").  Upon information and belief, the Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Bandspeed's patents, by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, products that are covered by one or more claims of Bandspeed's patents.

3.      Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing products and services by others, including its customers, who directly infringe the Patents.

4.      This is an exceptional case, and Bandspeed is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## II.      THE PARTIES

5.      Plaintiff Bandspeed is a Delaware corporation with its principal place of business located in Austin, Texas.

6.      Upon information and belief, Broadcom Corporation is a California corporation with its principal place of business located at 5300 California Avenue, Irvine, California.  Upon information and belief, Defendant Broadcom Corporation is authorized to do business in Texas. Broadcom Corporation may be served by serving its registered agent National Registered Agents, Inc., 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

### III.    JURISDICTION AND VENUE

7.    This is an action for patent infringement which arises under the Patent Laws of the United States, in particular 35 U.S.C. §271, 281, 283, 284, and 285.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1338(a).

8.    This Court has personal jurisdiction over Defendant and venue is proper in this Court pursuant to 28 U.S.C. §1391(b), (c), and 1400.

### IV.    PLAINTIFF'S PATENTS

9.    The '418, '624, '608, and '643 Patents disclose an approach for selecting sets of communications channels that involves determining the performance of communications channels.   A set of channels is selected based on the results of performance testing and specified criteria.   The participant generates data that identifies the selected set of channels and provides that data to other participants of the communications network.   The participants communicate over the set of channels, such as by using a frequency hopping protocol.   When a specified time expires or monitoring of the performance of the channel set identifies poor performance of the set of channels, the participant selects another set of channels for use in communications based on additional performance testing.

10.    The '614 Patent discloses an approach for managing communications channels based on performance.   It involves selecting a particular channel based on channel performance. Based on the selected channel, channel identification data is provided to another participant of the communications system to determine on which channel to respond.

11.    Bandspeed has all substantial right and interest to the Patents, including all rights to recover for all past and future infringement thereof.

3

## V.     DEFENDANT'S ACTS

12.     Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing products.  Examples of the infringing products include integrated circuits—or a set of integrated circuits—that use an adaptive frequency hopping communication protocol in version 1.2 and any later version of the Bluetooth Specification, and all of Defendant's products that operate in a reasonably similar manner.

13.     Defendant has had knowledge of several Patents since December 2008 and of all Patents at least as early as the time of service of this Complaint.  In 2008, Plaintiff provided Defendant with information regarding Plaintiff's intellectual property portfolio relating to Bluetooth products, including a list identifying and describing Plaintiff's Bluetooth issued patents (including the '418 Patent), Plaintiffs' Bluetooth patent applications that had been allowed by the U.S. Patent Trademark Office (including the application issued as the '624 Patent), and Plaintiffs' Bluetooth patent applications that were later issued by the U.S. Patent Trademark Office (including the '614 Patent).   The '624 and '614 Patents were issued by the U.S. Patent Trademark Office approximately one and nine months, respectively, after Plaintiff identified and described them to Defendant.

14.     In 2009 and 2010, Bandspeed filed suit against several Bluetooth product manufacturers alleging infringement of the '418 and '614 Patents.  According to publicly available information, one or more of these Bluetooth product manufacturers provided their products using one or more of Defendant's products.  Based on publicly available information and belief, one or more of these Bluetooth product manufacturers provided Defendant with notice of infringement of the '418 and/or '614 Patents.

15.     In 2012 and 2013, Plaintiff served subpoenas on Defendant seeking information regarding the use of Defendant's products in the products of Bluetooth product manufacturers against whom Plaintiff had asserted claims of infringement of the '418 and '614 Patents.  The subpoenas identified the '418 and '614 Patents and numerous categories of documents and subject matters regarding Defendant's products that are relevant to Plaintiff's claims of infringement of the '418 and '614 Patents.

16.     Despite this knowledge, Defendant continues broadly selling its infringing devices in the marketplace.  Further, with knowledge of the Patents, Defendant provides related services, specifications and instructions for the installation and infringing operation of such products to its customers, who directly infringe the Patents.

17.     Through its actions, Defendant has infringed the '418 Patent, '614 Patent, '624 Patent, '608 Patent, and '643 Patent and actively induced others to infringe and contributed to the infringement by others of the '418 Patent, '614 Patent, '624 Patent, '608 Patent, and '643 Patent, throughout the United States.

18.     Defendant manufactures, provides, sells, offers for sale, and/or distributes integrated circuits that use an adaptive frequency hopping communication protocol in version 1.2 and any later version of the Bluetooth Specification.

19.     Adaptive frequency hopping is material to practicing the invention described by the Patents.

20.     Defendant is a member of the Bluetooth Special Interest Group.

21.     Defendant intentionally manufactures and sells integrated circuits that are specifically designed to provide adaptive frequency hopping and other functionalities in

compliance with version 1.2 or later of the Bluetooth Specification in a manner that infringes the Patents.

22.    Defendant takes extensive steps to test these products to ensure compliance with the Bluetooth Specification and to qualify an integrated circuit for Bluetooth certification.

23.    In connection with compliance, for qualifying Bluetooth products, Defendant prepares a Core Implementation Compliance Statement (or Core ICS).

24.    The Core ICS requires Defendant to acknowledge whether the product supports certain capabilities, including adaptive frequency hopping (AFH), which is found in Table 26 of the Link Manager Protocol section.

25.    Defendant has submitted Core ICSs' that indicate "Yes" for support of certain features of AFH that infringe the Patents.    For example,

      a.  Defendant has submitted Core ICSs that indicate "Yes" for Table 26, Item 1, "Support of AFH switch as master"; and

      b.  Defendant has submitted Core ICSs that indicate "Yes" for Table 26, Item 6, "Support of Channel Classification."

Other portions of Defendant's Core ICSs also provide relevant evidence of infringement of the Patents.

26.    Certain of Defendant's customers require features and capabilities, including among others, adaptive frequency hopping, that comply with the Bluetooth Specification, and Defendant markets and advertises the benefits of its infringing products' compliance with the Bluetooth Specification regarding such features and capabilities.

27.    Moreover, Defendant induces its customers to infringe and contribute to the infringement of its customers by instructing or specifying that its customers install the infringing

integrated circuits in products such that it operates in an infringing manner.  Defendant specifies that the infringing products operate in an infringing manner by providing source code or firmware on the integrated circuit that causes it to operate in an infringing manner.

28.    The normal, intended operation of Defendant's products to provide certain capabilities and features, including among others adaptive frequency hopping, in compliance with version 1.2 or later of the Bluetooth Specification infringes the Patents. The products therefore have no substantial non-infringing uses.

29.    Therefore, Defendant induces their customers to directly infringe or contribute to the direct infringement of their customers.

30.    Bandspeed has been and will continue to suffer damages as a result of Defendant's infringing acts.

**COUNT ONE**
**PATENT INFRINGEMENT – U.S. PATENT NO. 7,027,418**

31.    Plaintiff Bandspeed realleges and incorporates herein paragraphs 1 - 30.

32.    Defendant has directly infringed the '418 Patent.

33.    Defendant has indirectly infringed the '418 Patent by inducing the infringement of the '418 Patent and contributing to the infringement of the '418 Patent.

34.    Upon information and belief, Defendant has jointly infringed the '418 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

35.    Defendant's aforementioned acts have caused damage to Bandspeed and will continue to do so.

## COUNT TWO
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,570,614

36.     Bandspeed realleges and incorporates herein paragraphs 1 - 30.

37.     Defendant has directly infringed the '614 Patent.

38.     Defendant has indirectly infringed the '614 Patent by inducing the infringement of the '614 Patent and contributing to the infringement of the '614 Patent.

39.     Upon information and belief, Defendant has jointly infringed the '614 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

40.     Defendant's aforementioned acts have caused damage to Bandspeed and will continue to do so.

## COUNT THREE
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,477,624

41.     Bandspeed realleges and incorporates herein paragraphs 1 - 30.

42.     Defendant has directly infringed the '624 Patent.

43.     Defendant has indirectly infringed the '624 Patent by inducing the infringement of the '624 Patent and contributing to the infringement of the '624 Patent.

44.     Upon information and belief, Defendant has jointly infringed the '624 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

45.     Defendant's aforementioned acts have caused damage to Bandspeed and will continue to do so.

## COUNT FOUR
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,903,608

46.     Bandspeed realleges and incorporates herein paragraphs 1 - 30.

47.     Defendant has directly infringed the '608 Patent.

48.     Defendant has indirectly infringed the '608 Patent by inducing the infringement of the '608 Patent and contributing to the infringement of the '608 Patent.

49.     Upon information and belief, Defendant has jointly infringed the '608 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

50.     Defendant's aforementioned acts have caused damage to Bandspeed and will continue to do so.

**COUNT FIVE**
**PATENT INFRINGEMENT – U.S. PATENT NO. 8,542,643**

51.     Bandspeed realleges and incorporates herein paragraphs 1 - 30.

52.     Defendant has directly infringed the '643 Patent.

53.     Defendant has indirectly infringed the '643 Patent by inducing the infringement of the '643 Patent and contributing to the infringement of the '643 Patent.

54.     Upon information and belief, Defendant has jointly infringed the '643 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

55.     Defendant's aforementioned acts have caused damage to Bandspeed and will continue to do so.

**VI.     WILLFULNESS**

56.     Bandspeed realleges and incorporates herein paragraphs 1 - 30.  Bandspeed alleges upon information and belief that Defendant has knowingly or with reckless disregard willfully infringed the Patents.  Defendant's knowledge includes knowledge of the '418 and '614 Patents and their related patents and/or applications—including the '624, '608 and '643

Patents—by virtue of Bandspeed and other parties having notified Defendant of its infringing acts. Defendant acted with knowledge of the Patents and despite an objectively high likelihood that its actions constituted infringement of Bandspeed's valid patent rights.

57.     This objectively-defined risk was either known or so obvious that is should have been known to Defendant. Bandspeed seeks enhanced damages pursuant to 35 U.S.C. §284.

## VII.   JURY DEMAND

58.     Plaintiff Bandspeed hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, plaintiff Bandspeed respectfully requests that the Court:

A.     Enter judgment that Defendant infringed one or more claims of the Patents literally and/or under the doctrine of equivalents;

B.     Award plaintiff Bandspeed past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C.     Declare this case exceptional pursuant to 35 U.S.C. 285; and

D.     Award plaintiff Bandspeed its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: May 9, 2014

Respectfully submitted,

By:    */s/ Christopher V. Goodpastor*
        Christopher V. Goodpastor
        Texas State Bar No. 00791991
        Mikal C. Watts
        Texas State Bar. No. 20981820
        WATTS GUERRA LLP
        811 Barton Springs Road, Suite 725
        Austin, Texas 78704
        Telephone: (512) 479-0500
        Facsimile:  (512) 479-0502
        Email: mcwatts@wattsguerra.com
                cgoodpastor@wattsguerra.com

        Francisco Guerra, IV
        Texas State Bar No. 00797784
        WATTS GUERRA LLP
        300 Convent Street, Suite 100
        San Antonio, Texas 78205
        Telephone: (210) 527-0500
        Facsimile:  (210) 527-0501
        Email: fguerra@wattsguerra.com

        Andrew G.  DiNovo
        Texas State Bar No. 00790594
        Adam G. Price
        Texas State Bar No. 24027750
        Chester J. Shiu
        Texas State Bar No. 24071126
        Gregory S. Donahue
        Texas State Bar No. 24012539
        DINOVO PRICE ELLWANGER & HARDY LLP
        7000 N. MoPac Expressway, Suite 350
        Austin, Texas  78731
        Telephone:  (512) 539-2626
        Facsimile:   (512) 539-2627
        Email: adinovo@dpelaw.com
              aprice@dpelaw.com
              cshiu@dpelaw.com
              gdonahue@dpelaw.com

        **ATTORNEYS FOR PLAINTIFF BANDSPEED, INC.**